The Honorable Jim Lancaster State Representative 43 Toler Street Sheridan, Arkansas 72150-7016
Dear Representative Lancaster:
This is in response to your request for an opinion on two questions arising under A.C.A. § 16-13-704. That statute, in pertinent part, addresses the collection of fees on monthly installment payments made on fines. Your two specific questions in this regard are as follows:
 1. Does 16-13-704 apply to municipal court cases as well as cases from circuit and chancery courts?
2. If so, is the $5 fee assessed per charge or per fine?
You note that the Sheridan Municipal Court is currently assessing and collecting these fees, but that the legislative auditors have questioned the practice.
RESPONSE
It is my opinion, as a general matter, that A.C.A. § 16-13-704 does not apply to most municipal courts. The relevant subchapter, with perhaps one narrow exception, does not apply to such courts. An answer to your second question is therefore unnecessary.
Question 1 — Does 16-13-704 apply to municipal court cases as well ascases from circuit and chancery courts?
The provision in question (A.C.A. § 16-13-704) was originally adopted in 1995 and provides in pertinent part as follows:
 (a)(1) If the court concludes that the defendant has the ability to pay the fine, but that requiring the defendant to make immediate payment in full would cause a severe and undue hardship for the defendant and the defendant's dependents, the court may authorize payment of the fine by means of installment payments in accordance with this subchapter.
 (2)(A) When a court authorizes payment of a fine by means of installment payments, it shall issue, without a separate disclosure hearing, an order that the fine be paid in full by a date certain and that in default of payment the defendant must appear in court to explain the failure to pay.
 (B) In fixing, the date of payment, the court shall issue an order which will complete payment of the fine as promptly as possible without creating a severe and undue hardship for the defendant and the defendant's dependents.
 (b)(1) In addition to the fine and any other assessments authorized by this subchapter an installment fee of five dollars ($5.00) per month shall be assessed on each person who pays a fine on an installment basis.
 (2) One-half (1/2) of the installment fee shall be remitted to the Department of Finance and Administration for deposit in the Judicial Fine Collection Enhancement Fund, as established by § 16-13-712, and the other half of the installment fee shall be remitted to the county treasurer to be used solely for the administration of justice. [Emphasis added.]
A.C.A. § 16-13-704 (Repl. 1999).
Section 16-13-701, also originally adopted in 1995, addresses the applicability of the subchapter, including the provision about which you inquire, A.C.A. § 16-13-704. Section 16-13-701 was amended in 1997 to expand the applicability of the subchapter. In this regard, § 16-13-701, with the amendatory language emphasized, provides as follows:
 The procedures established by this subchapter shall apply to the assessment of all monetary fines, however designated, imposed by circuit courts and state division municipal courts for criminal convictions and civil violations, by chancery courts for civil violations exclusive of child support, and by juvenile courts for delinquency adjudications, and shall be utilized to obtain prompt and full payment of all such fines. [Emphasis added.]
A.C.A. § 16-13-701(Repl. 1999) (as amended by Acts 1997, No. 941).
The problem is that the emphasized term "state division municipal courts," as added by the 1997 act, is undefined and to my knowledge there is no such official designation. It is my understanding that the term may have arisen and may have been intended to apply to the Twelfth Judicial District which encompasses Sebastian County. That County is composed of two districts (the "Fort Smith District" and the "Greenwood District").See Arkansas Constitution, art. 13, § 5 and A.C.A. § 16-13-2002 (Repl. 1999).
In any event, it is difficult to interpret A.C.A. § 16-13-701, and thus the relevant subchapter, as being generally applicable to municipal courts, because there is no clear-cut definition as to which municipal courts the provision applies. It may have been the legislative intention to expand the applicability of A.C.A. §§ 16-13-701 — to 712 to some court in the Twelfth Judicial District. I am unaware, however, of any "state division municipal courts" to which the statute applies. That phrase is simply undefined and is not a term of legal significance. Legislative clarification is therefore indicated.
Question 2 — If so, is the $5 fee assessed per charge or per fine?
In light of the response to Question 1 above, an answer to this question is unnecessary.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh